# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

BARBARA FORRESTER and
GARY FORRESTER,

    Plaintiffs,

v.                                                        CIVIL ACTION NO. 3:05-CV-117
                                                               (BAILEY)

PENN LYON HOMES, INC., dba
PENN LYON HOMES CORPORATION,
PLH ERECTORS, INC., and
FOWLER HOMES, LLC,

    Defendants.

## MEMORANDUM ORDER DENYING PENN LYON HOMES, INC. AND PENN LYON ERECTORS, INC.'S MOTION IN LIMINE TO PROHIBIT CLAIMS UNDER ITS STRUCTURAL WARRANTY, OR IN THE ALTERNATIVE, TO COMPEL ARBITRATION AND STAY PROCEEDINGS

Pending before this Court is Defendants Penn Lyon Homes, Inc. and PLH Erectors, Inc.'s Motion in Limine to Prohibit Claims Under its (sic) Structural Warranty, or in the Alternative, to Compel Arbitration and Stay Proceedings (Doc. 130).

### I. Procedural History

This case involves claims arising out of the construction of a modular home. The original complaint was filed in the Circuit Court of Hampshire County, West Virginia, on September 29, 2005, including claims for negligence, breach of contract, breach of implied and express warranties, unfair or deceptive practices, and negligent infliction of emotional distress.

The action was removed to this Court on November 2, 2005. Trial was originally

1

scheduled to begin October 24, 2006. By Order dated December 7, 2006, the trial was rescheduled for June 13, 2007.

Discovery was completed, and the parties filed numerous motions in limine, proposed jury instructions, proposed voir dire, and verdict forms. Shortly before trial, the case was mediated, and the trial was canceled. Some disagreements arose as to the exact parameters of the settlement agreement, and by Order entered August 6, 2007, this Court ordered the parties to return to mediation. After mediation, the case was again reported to have been settled.

By motion filed November 5, 2007, the plaintiffs informed the Court that the reported settlement had again failed, due to the defendants' apparent inability to satisfy the terms of the settlement agreement. On November 9, 2007, this Court scheduled the case for trial on January 16, 2008, with a final pretrial conference to be held on January 11, 2008.

On November 15, 2007, two of the defendants filed the above motion in limine and motion to compel arbitration.

## II. Discussion

This Court will deny the motion in limine and will rule on the issue of the express structural warranty at trial. While the "Application" for the warranty was never executed by the plaintiffs, there is a claim that the defendants abandoned the job and refused to correct substantial deficiencies in the home. If these facts are proven at trial, this Court may determine that the anticipatory breach of the defendants' obligations excuse the execution of the application. Accordingly, the motion will be denied, and this Court will rule on the claim under the express structural warranty after hearing the testimony pertinent thereto.

With respect to the arbitration provision contained in the express structural warranty,

2

the moving defendants claim to be surprised by the issue and state that they knew nothing of the issue until May 9, 2007.

A review of the Complaint in this case shows that the plaintiffs made a claim for the breach of the "express warranty provided to plaintiffs." Complaint, ¶ 41. The reference to the "express warranty provided to plaintiffs" is repeated in paragraphs 42 and 43 of the Complaint. The moving defendants did not raise the affirmative defense of arbitration in either of their answers (Docs. 4 and 5).

It is this Court's opinion that to raise arbitration, which only pertains to two of the three defendants and only pertains to one of the several claims which are viable in this action, after over two (2) years, after almost all pretrial preparations and filings have been completed, is simply baseless and unconscionable.

As noted in **American Recovery Corp. v. Computerized Thermal Imaging, Inc.**, 96 F.3d 88 (4th Cir. 1996):

> Under the Federal Arbitration Act, "[a] litigant may waive its right to [arbitration] by so substantially utilizing the litigation machinery that to subsequently permit arbitration would prejudice the party opposing the stay." **Maxum Foundations, Inc. v. Salus Corp.,** 779 F.2d 974, 981 (4th Cir.1985). Because of the strong federal policy favoring arbitration, however, we will not lightly infer the circumstances constituting waiver. **Id.** Our key inquiry is whether the party opposing the stay has suffered any actual prejudice. **Id.** at 982. Although "mere delay, without more, will not suffice to constitute waiver," **id.,** "delay and the extent of the moving party's trial-

3

oriented activity are material factors in assessing a plea of prejudice," ***Fraser v. Merrill Lynch Pierce, Fenner & Smith, Inc.***, 817 F.2d 250, 252 (4th Cir.1987). The party opposing the stay bears the heavy burden of proving waiver. ***Britton v. Co-op Banking Group***, 916 F.2d 1405, 1412 (9th Cir.1990).

Based upon the substantial activity in bringing this action to a posture in which it is fully ready for trial, in failing to assert the affirmative defense until this late date, and due to the fact that any arbitration would cover only one issue involving one party, with this Court left to try the other issues and claims against the other defendants (who have cross-claims), this Court feels compelled to deny the motion insofar as it seeks to compel arbitration.

### III. Conclusion

For the reasons stated above, this Court **DENIES** Defendants Penn Lyon Homes, Inc. and PLH Erectors, Inc.'s Motion in Limine to Prohibit Claims Under its (sic) Structural Warranty, or in the Alternative, to Compel Arbitration and Stay Proceedings (Doc. 130).

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record herein.

**DATED:** November 26, 2007.

JOHN PRESTON BAILEY
UNITED STATED DISTRICT JUDGE