# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**BARBARA FORRESTER and**
**GARY FORRESTER,**

    Plaintiffs,

v.

**CIVIL ACTION NO. 3:05-CV-117**
**(BAILEY)**

**PENN LYON HOMES, INC., dba**
**PENN LYON HOMES CORPORATION,**
**PLH ERECTORS, INC., and**
**FOWLER HOMES, LLC,**

    Defendants.

## ORDER DENYING DEFENDANTS PENN LYON HOMES, INC. AND PENN LYON ERECTORS, INC.'S MOTION TO STAY PROCEEDINGS PENDING APPEAL

Pending before this Court is Defendants Penn Lyon Homes, Inc. and PLH Erectors, Inc.'s Motion to Stay Proceedings Pending Appeal (Doc. 132).

Concerning the specific issue of a stay pending denial of a motion to compel arbitration "[t]here is a split of authority among the circuits, and the Fourth Circuit has not explicitly ruled." *In Re Startec Global Communications,* 303 B.R. 605, 607 (D.Md. 2004). In this case, the movants rely upon a circuit opinion which supports their position because "it appears that a stay is not automatically effected whenever an appeal is taken." *Id.* at 609.

Defendants argue that a district court must stay all proceedings pending an interlocutory appeal concerning a district court's denial of a motion to compel arbitration. Defendants find support for this assertion in the Seventh Circuit case of ***Bradford-Scott***

1

*Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 505-06 (7th Cir.1997). There, the Seventh Circuit held that a case cannot proceed in a district court when an appeal regarding arbitration is pending. *Id.* at 506. According to the Seventh Circuit, an appeal of a district court's order denying arbitration is an appeal regarding the question of whether any aspect of the litigation "may go forward in the district court." *See id.*

A contrary position was taken by the Ninth Circuit in ***Britton v. Co-Op Banking Group***, 916 F.2d 1405, 1411-12 (9th Cir.1990). The Ninth Circuit cited ***Moore's Federal Practice*** ¶ 203.11, which states that "where an appeal is taken from a judgment which does not finally determine the entire action, the appeal does not prevent the district court from proceeding with matters not involved in the appeal." *Britton*, 916 F.2d at 1411 (citing *Moore, supra* at ¶ 203.11, 3-54). Applying ***Moore's*** teachings, the Ninth Circuit concluded that the issue of arbitrability was distinct from the remainder of the case. Therefore, because "an appeal of an interlocutory order does not ordinarily deprive the district court of jurisdiction except with regard to the matters that are the subject of the appeal[ ]," ***Id.*** at 1412 (citations omitted), the Ninth Circuit permitted the district court to continue its proceedings.

Although the Fourth Circuit has not directly addressed this issue, a well-reasoned recent holding of this Court offers some guidance. In ***In Re Startec Global Communications***, 303 B.R. at 609, the District Court concluded that a stay is not to be automatically granted by a district court upon an appeal to the circuit of a decision denying a motion to compel arbitration. Rather, the Court should evaluate prudential concerns in order to determine whether such a stay of all proceedings is appropriate. ***Id.***

A stay of proceedings is not here appropriate because of the defendants' actions in waiting until shortly before trial to raise the issue of arbitration in a case that is over two years old. *See Memorandum Order entered November 26, 2007, denying arbitration*.

The Court notes that the Ninth Circuit, in addition to its reliance on **Moore's**, echoed similar concerns, stating that an automatic stay of proceedings pending arbitration "would allow a defendant to stall a trial simply by bringing a frivolous motion to compel arbitration." **Britton**, 916 F.2d at 1412. The Ninth Circuit's concern is well-taken, especially in this case.

In denying this motion, this Court would also note that, according to the Clerk's docket, no appeal has been filed with the Fourth Circuit.

For the reasons stated above, this Court **DENIES** Defendants Penn Lyon Homes, Inc. and PLH Erectors, Inc.'s Motion to Stay Proceedings Pending Appeal (Doc. 132).

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record herein.

**DATED:** November 29, 2007.

JOHN PRESTON BAILEY
UNITED STATED DISTRICT JUDGE